UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-05216-AB-KS | Date: | September 12, 2024 |
|---|---|---|---|

| Title: | *Ashot Hayrapetyan v. BMW Financial Services NA, LLC et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **DENYING** PLAINTIFF'S MOTION FOR REMAND [Dkt. No. 11]

  Before the Court is a Plaintiff Ashot Harapetyan's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 11). Defendant BMW Financial Services NA, LLC ("Defendant") filed an opposition and Plaintiff filed reply. Concurrently with the Motion, Plaintiff also filed a Request (Dkt. No. 10) that the Court dismiss his fraud claims and strike his claim for punitive damages. The Court will resolve the Motion without oral argument and therefore **VACATES** the September 13, 2024 hearing. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. The Motion is **DENIED.**

### DISCUSSION

  Plaintiff leased a BMW vehicle financed by Defendant. The vehicle was declared a total loss, and the entire insurance recovery was paid to Defendant. Plaintiff is suing Defendant to recover his "equity" in the vehicle, about $25,864. Plaintiff's Complaint expressly sought "$259,265.23 in damages," consisting of the equity and punitive damages, plus attorneys' fees provided by statute. *See* Compl. Prayer ¶¶ h, i, j. Defendant removed based on diversity jurisdiction.

Plaintiff now moves for remand. He argues that since he filed the Complaint, he has determined that the facts do not support his fraud claim and demand for punitive damages, and in a separate request, he asks the Court to dismiss and strike them. If that occurs, then the amount of his potential recovery would not exceed the amount in controversy.

In light of Plaintiff's admission that neither his fraud claim nor his prayer for punitive damages is viable, concurrently with this Order, the Court will grant his request to dismiss the fraud claim and strike the prayer for punitive damages.

But contrary to Plaintiff's argument, eliminating these claims does not destroy diversity jurisdiction because "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). Therefore, the post-removal elimination of claims is irrelevant to determining the amount in controversy.

Furthermore, "[i]f removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…" 28 U.S.C. § 1446(c)(2). Here, the Complaint affirmatively demanded an amount in controversy greater than the federal jurisdictional threshold, so the amount in controversy requirement is "presumptively satisfied" unless it appears to a "legal certainty" that Plaintiff could not have actually recovered that amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Plaintiff has not rebutted this presumption.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is **DENIED**.

Plaintiff's argument that the post-removal dismissal of claims can reduce the amount in controversy so as to defeat diversity jurisdiction is meritless. Nevertheless, factually, the amount in issue is now far less than $75,000 and the Court questions the sense of expending federal resources on this purely state law case. The Court **ORDERS** the parties to meet and confer about stipulating to a cap on Plaintiff's recovery and to remanding this action. By **September 27, 2024**, the parties must file a Stipulation and Order to that effect, or a Joint Report explaining their failure to reach a stipulation. **SO ORDERED.**